Butler, J.,
dissenting.
From the view which I have taken in this case I doubt too much to sign the opinion of a majority of the Court.
Tardy was arrested by virtue of an order of the clerk for bail. The clerk has a right to grant a special order for bail, which, of itself, would impose an official obligation on the sheriff to obey it. As long as it was in force, the arrest and detention of Tardy were legal. During the time that Tardy was in arrest, the clerk rescinded the special order which he had granted, leaving the arrest to depend on the sufficiency of the affidavit. In this state of things the sheriff discharged Tardy from actual arrest, and served a copy of the writ on him, as in cases where bail is not required. And I think he had a right to do so, if the clerk had a right to rescind his own order. For then the case stood as though the prisoner was detained alone on the authority of the affidavit, which was certainly insufficient according to the decision of Peck & Hood vs. Van Evour, requiring the affidavit to set forth the cause of action. The case then would be reduced to this, that Tardy was detained without an affidavit. Under such circumstances he was clearly privileged from arrest — as much so as any one could be who had the especial exemption and protection of the law, and no doubt would have been discharged at his own instance, if he had not been released by the sheriff . In other words, a sheriff has no authority to cle- *232 tain in custody any defendant without the general authority of the law, which would have existed in this case if an affidavit had been made setting forth the cause of action, or the special order of a Judge or cleric, directing bail to he taken from particular facts sworn to. The sheriff had no authority from either of these sources; but had a citizen in custody, without either affidavit or an order for bail.
This conclusion of mine is based upon the supposition that the clerk could rescind his own order, and that he had done so. Like every mere interlocutory order proceeding from a judicial officer, I think the special order for bail was reversible, and had been set aside by the clerk. From these views I think the sheriff should not have been held liable for an escape by discharging Tardy from actual arrest, and holding him answerable as on an ordinary capias without an affidavit or order for bail.
The sheriff had the sanction of the clerk for what he did, and should not suffer for obeying such authority.
Gantt, J., concurred with Justice Butler.